**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4627**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TOMONTA SIMMONS,

    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:23-cr-00064-MOC-SCR-1)

─────────────

Submitted:  March 10, 2026      Decided:  March 16, 2026

─────────────

Before KING and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  James W. Kilbourne, Jr., ALLEN STAHL + KILBOURNE, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tomonta Simmons appeals his conviction and sentence after pleading guilty to possession of one or more firearms in violation of 18 U.S.C. § 922(g)(1).  On appeal, Simmons's attorney has filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), concluding there are no meritorious grounds for appeal but raising the issues of whether Simmons's statement at sentencing that the firearms were for self-protection resulted in an unconstitutional application of § 922(g)(1) in violation of his Second Amendment rights and whether his sentence was procedurally or substantively unreasonable.  Simmons was notified of his right to file a pro se supplemental brief but has not done so.  We affirm.

We first consider Simmons's challenge to his conviction based on the Second Amendment.  "[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made."  *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (citation modified).  Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'"  *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (quoting *United States v. Vonn*, 535 U.S. 55, 62 (2002)).  "The district court must also 'determine that the plea is voluntary and that there is a factual basis for the plea.'"  *United States v. Taylor-Saunders*, 88 F.4th 516, 522 (4th Cir. 2023).  When a defendant contests the validity of a guilty plea that he did not challenge or seek to withdraw in the district court, we review the challenge only for plain error.  *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).

2

Plain error can be reviewed where the defendant establishes: (1) there is error; (2) the error is plain; and (3) the error affects his substantial rights. *Id*. "To satisfy this third condition, the defendant must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Perdue*, 110 F.4th 662, 668 (4th Cir. 2024) (citation modified). Even if the defendant satisfies this three-prong test, we will exercise our discretion to remedy the error "only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *King*, 91 F.4th at 760 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "The defendant bears the burden of satisfying each element of the plain error standard." *Id*.

"When properly preserved, this Court generally reviews constitutional claims de novo." *United States v. Hunt*, 123 F.4th 697, 701 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025). "But matters change when a defendant fails to timely raise an issue before the district court." *Id*. "In that situation, reviewing courts typically apply the more government-friendly plain-error doctrine." *Id*. Here, Simmons did not move to withdraw his guilty plea in the district court, but he presented a pro se letter concerning the Second Amendment at the end of his sentencing hearing. Even assuming the issue was properly preserved, we conclude that it is foreclosed by our decision in *Hunt*. *See id*. at 702 (holding that neither *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2002), nor *United States v. Rahimi*, 602 U.S. 680 (2024), abrogated our precedent "foreclosing as-applied challenges to Section 922(g)(1) and those decisions thus remain binding"). Moreover, the magistrate judge and district court substantially complied with Rule 11 when accepting Simmons's guilty plea; and he has not shown any plain error affecting his substantial rights.

3

In Simmons's remaining three issues, he challenges the procedural and substantive reasonableness of his sentence. "We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "In reviewing whether a sentence is reasonable, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. (citation modified). "The [sentencing] court's explanation must satisfy us that it 'has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority in light of § 3553(a).'" *Id*. at 264.

"A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (citation modified). "'[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable.'" *Id*. "'[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.'" *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024).

We have reviewed the record and conclude that Simmons's sentence is procedurally and substantively reasonable. The district court sustained Simmons's objection to the offense level in the presentence report and properly calculated his advisory Guidelines

4

range.  The court considered the § 3553(a) factors, Simmons's allocution, and the parties' arguments for a sentence within the Guidelines range; and the court adequately explained its decision to impose a sentence at the higher end of the range.  Moreover, Simmons has not rebutted the presumption that his sentence within the range is substantively reasonable.

On appeal, Simmons asserts three specific claims of sentencing error.  First, he argues that the district court's consideration of his possession of a third gun when weighing the § 3553(a) factors for his offense of possessing two guns, after the court ruled that the third gun was not relevant conduct for purposes of calculating his offense level, constituted a procedural defect.  But, pursuant to § 3553(a), the court was required to consider not only the nature and circumstances of the offense and the sentencing range, but also Simmons's history and characteristics and the need to adequately deter crime and protect the public from his further crimes.  After reviewing the record, we conclude that the court properly considered Simmons's bad record and the fact that he continued to possess guns after the offense of conviction, because they were proper considerations of § 3553(a) factors.  *See United States v. McKinnie*, 21 F.4th 283, 290 (4th Cir. 2021); *see also United States v. Elbaz*, 52 F.4th 593, 608 (4th Cir. 2022) (noting Congress has directed "that '[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence'") (quoting 18 U.S.C. § 3661).

In his second issue, Simmons argues that the sentencing was procedurally defective, because he did not demonstrate a full understanding of the final presentence report before sentencing.  The district court "must verify that the defendant and the defendant's attorney

5

have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). Having reviewed the record, we conclude that the district court fully complied with this requirement; and there was no procedural error or defect.

Finally, Simmons questions whether the district court's sentencing remarks about crime and firearms violated his due process rights and rendered his sentence at the higher end of his Guidelines range procedurally or substantively unreasonable. "Courts have held that sentences imposed on the basis of impermissible considerations, such as a defendant's race or national origin, violate due process." *United States v. Bakke*r, 925 F.2d 728, 740 (4th Cir. 1991). Moreover, "similar principles apply when a judge impermissibly takes his own religious characteristics into account in sentencing." *Id*. But, "a sentencing court can consider the impact a defendant's crimes have had on a community and can vindicate that community's interests in justice." *Id*.; *see also Deyton v. Keller*, 682 F.3d 340, 347 (4th 2012). On our review, we conclude that the court properly considered the community's interest in preventing innocent people from getting shot by those with guns; and the court's comments did not constitute a due process violation or render the sentence unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons. We dispense with oral argument because the

6

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*